IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFERY C. BOWMAN, | ) |
| Plaintiff, | ) CA No. 2:07-00185 |
| vs. | ) |
| | ) JURY TRIAL DEMANDED |
| CORPORAL JUDITH BURROUGHS, CAPTAIN ROBERT LIZIK, CAPTAIN LISA CHRISTIE, COLONEL JEFFERY MILLER JODI RUSNAK and DALE RUSNAK, | ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This is a civil rights case brought by a former employee of the Pennsylvania State Police who was terminated on March 30, 2006, following an internal investigation of his alleged misconduct. Plaintiff claims that the handling of the investigation by Defendants, Corporal Judith Burroughs, Captain Robert Lizik, Captain Lisa Christie and Colonel Jeffery Miller, and his eventual termination violated his Fourteenth Amendment procedural due process and equal protection rights, pursuant to 42 U.S.C. § 1983. Additionally, Plaintiff claims Defendants Jodi and Dale Rusnak defamed him during the course of the investigation by providing false statements regarding Plaintiff's conduct to Defendant Corporal Burroughs. Plaintiff seeks compensatory damages, punitive damages, attorneys' fees and costs.

Pending before this Court is Defendants Jodi and Dale Rusnak's motion to dismiss Plaintiff's defamation claim pursuant to Fed.R.Civ.P. Rule 12(b)6 (doc. no. 12). Defendants

Rusnak, alternatively, move to strike Plaintiff's claim for punitive damages with respect to the defamation action (doc. no. 12).

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)6, the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff. *Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hospital*, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Marshall-Silver Construction Co. v. Mendel*, 894 F.2d 593, 595 (3d cir. 1990).

In making this determination, the Court must construe the pleading in the light most favorable to the non-moving party. *Budinsky v. Pennsylvania Dept. Of Environmental Resources*, 819 F.2d 418, 421 (3d Cir. 1987). As the United States Court of Appeals for the Third Circuit explained:

> A Rule 12(b)6 motion will be granted "'if it appears to a certainty that no relief could be granted under any set of facts which could be proved.'" *Evancho v. Fisher*, 423 F.3d 347, 351 (3d Cir. 2005) (*quoting D.P. Enter, Inc. v. Bucks County Cmty. Coll.*, 725 F.2d 943, 944 (3d cir. 1984)). We must accept all factual allegations in [plaintiff's] complaint as true, but we are not compelled to accept "unsupported conclusions and unwarranted inferences," *Schuylkill Energy Res., Inc. v. Pa. Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997), or "a legal conclusion couched as a factual allegation," *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

*Baraka v. McGreevey,* 481 F.3d 187, 195 (3d Cir. 2007).

Further, the Federal Rules of civil Procedure require notice pleading, not fact pleading, so

2

to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." *Alston v. Parker*, 363 F.3d 229, 233 n.6 (3d Cir. 2004), *quoting Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules ... to define facts and issues and to dispose of unmeritorious claims.").

Viewed in light of the forgoing liberal pleading standards, this Court simply cannot say, at this early state of the proceedings, that Plaintiff will be able to state no set of facts in support of his defamation claim that would defeat Defendants Rusnak's defenses of absolute and/or conditional privilege. Similarly, this Court cannot say that Plaintiff will be able to state no set of facts in support of his claim for punitive damages against Defendants Rusnak.

Accordingly, this 17th day of May, 2007, upon consideration of Defendants Jodi and Dale Rusnak's Motion To Dismiss (doc. no. 12 ), Plaintiff's response thereto, and memoranda of law in support and in opposition thereto, IT IS HEREBY ORDERED that said motion (doc. no. 12 ) is **DENIED** without prejudice to Defendants Rusnak raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery. An appropriate order follows.

_____
Nora Barry Fischer
United States District Judge

cc:   All ECF registered counsel

3